JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALISHER & ASSOCIATES, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>RGCMC, LLC, a Texas limited liability company; RIO GRANDE MEDICAL CENTER, LTD. aka TROPHY PLEX MEDICAL CENTER, LTD. aka RIO GRANDE CITY MEDICAL CENTER, LTD. aka RGCMC, LTD., a Texas limited partnership; MASTERCRAFTERS CONSTRUCTION & DEVELOPMENT, INC., a Texas corporation; PAUL MANOHARAN aka PAULRAJAN MANOHARAN, an individual; RON ROCK, an individual; and DOES 1 through 40, inclusive,<br><br>Defendants. | CASE NO. CV08-06523-MMM (Ex)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

CALISHER & ASSOCIATES, INC., a
California corporation

         Plaintiff,

        vs.

PHARR MEDICAL CENTER, LTD. dba
VALLEY MEDICAL CENTER, LTD., a
Texas limited partnership; VMC, LLC, a
Texas limited liability company aka VMC
GENERAL, LLC; MASTERCRAFTERS
CONSTRUCTION & DEVELOPMENT,
INC., a Texas corporation; PAUL
MANOHARAN aka PAULRAJAN
MANOHARAN, an individual; RON
ROCK, an individual; and DOES 1
through 40, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV08-06540-MMM (Ex)

 

    Plaintiff Calisher & Associates, Inc. ("Calisher") entered into two development and management agreements – one with defendant Rio Grande Medical Center, Ltd. (a.k.a. Trophy Plex Medical Center, Ltd.; a.k.a. Rio Grande City Medical Center, Ltd.; a.k.a. RGCMC Ltd.) ("Rio Grande")[1] and one with defendant Pharr Medical Center, Ltd. (d/b/a Valley Medical Center, Ltd.) ("Pharr Medical").[2]  Pursuant to the agreements, Calisher undertook to oversee the development of a state-licensed, Medicare-certified general acute hospital and to provide management services for the hospital.  On September 15, 2008, Calisher filed suit in Los Angeles Superior Court, alleging breach of both contracts and other state law causes of action.[3]  On

 

[1]See Development and Management Agreement, Exh. A to Plaintiff Calisher & Associates First Amended Complaint ("Rio Grande Contract"), attached to defendants' Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), Case No. 08-06523, Docket No. 1 (Oct. 3, 2008).

[2]Development and Management Agreement, Exh. A to Plaintiff Calisher & Associates First Amended Complaint ("Pharr Medical Contract"), attached to defendants' Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), Case No. 08-06540, Docket No. 1 (Oct. 3, 2008).

[3]See Plaintiff Calisher & Associates First Amended Complaint: (1) Breach of Written Contract; (2) Concealment; (3) Fraud; (4) Tortious Interference with Business Contract;

October 3, 2008, defendant Mastercrafters Construction & Development, Inc. filed a notice of removal in each case,[4] which all other defendants joined. Mastercrafters asserted that the actions fell within the court's diversity jurisdiction.[5]

On October 15, 2008, Calisher filed motions to remand both actions to Los Angeles Superior Court.[6] Defendants opposed the remand motions on October 27, 2008.[7]

---

(5) Intentional Interference with Prospective Economic Relations; (6) Quantum Meruit; and (7) Account Stated, attached to defendants' Notice of Removal of Action under 28 U.S.C. § 1441(b) (Diversity) ("Rio Grande Complaint"), Case No. 08-06523, Docket No. 1 (Oct. 3, 2008); see also Plaintiff Calisher & Associates First Amended Complaint for (1) Breach of Written Contract; (2) Concealment; (3) Fraud; (4) Tortious Interference with Business Contract; (5) Intentional Interference with Prospective Economic Relations; (6) Quantum Meruit and (7) Account Stated, attached to defendants' Notice of Removal of Action under 28 U.S.C. § 1441(b) (Diversity) ("Pharr Medical Complaint"), Case No. 08-06540, Docket No. 1 (Oct. 3, 2008).

[4]See Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), Case No. 08-06523, Docket No. 1 (Oct. 3, 2008); see also Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), Case No. 08-06540, Docket No. 1 (Oct. 3, 2008).

[5]Federal courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The citizenship of the parties to Case No. CV 08-06523 is as follows: Calisher is a California corporation that has its principal place of business in the state. RGCMC LLC is a Texas limited liability company; all of its members are citizens of Texas. Rio Grande is a Texas limited partnership whose members are all Texas citizens. Mastercrafters is a Texas corporation with its principal place of business in that state. Manoharan and Rock are citizens of Texas. The citizenship of the additional parties named in Case No. CV 08-06540 is as follows: VMC LLC is a Texas limited liability company, all of whose members are citizens of Texas. Pharr Medical is a Texas limited partnership whose members are Texas citizens. In each case, therefore, there is complete diversity of citizenship between plaintiff and all defendants.

In both suits, Calisher seeks general and special damages of at least $1.5 million, a 6.67% ownership interest in the medical facility at the heart of this dispute, and the greater of either 5% of hospital billing collectibles or $140,000.00 per month. The amount in controversy requirement is thus easily satisfied. Accordingly, the statutory prerequisites for diversity jurisdiction are met.

[6]See Plaintiff Calisher & Associates Notice of Motion and Motion to Remand [28 U.S.C. 1447(c)]; Request for Award of Attorney Fees and Costs in the Sum of $3,111.00; Memorandum of Points and Authorities in Support Thereof; Declaration of John Schroeder, Esq. in Support Thereof, Case No. 08-06523,Docket No. 9 (Oct. 15, 2008); see also Plaintiff Calisher &

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Calisher is a California corporation with expertise in developing and managing various types of healthcare facilities.  On February 5, 2007, Calisher entered into a written contract with Rio Grande to develop and provide management services for a state-licensed, Medicare-certified general acute hospital.[8]  On September 6, 2007, it entered into an identical written contract with Pharr Medical.[9]

On November 28, 2007, defendant Ron Rock of Mastercrafters[10] purportedly attempted to terminate both contracts.[11]  Calisher asserts that its attorney advised Rock on December 6, 2007, that Mastercrafters had "no authority to terminate or disengage any agreement" with Calisher and consequently that Rock's letter constituted a breach of each contract.[12]  On September 15, 2008,

---

Associates Notice of Motion and Motion to Remand [28 U.S.C. § 1447(c)]; Request for Award of Attorney Fees and Costs in the Sum of $3,111.00; Memorandum of Points and Authorities in Support Thereof; Declaration of John Schroeder, Esq. in Support Thereof, Case No. 08-06540, Docket No. 7 (Oct.15, 2008).  Because both motions and memoranda of law are identical, the court refers to them interchangeably as "Plaintiff's Mot."

[7]See Defendants' Response to Plaintiff's Motion to Remand and Memorandum of Points & Authorities in Support Thereof, Case No. 08-06523, Docket No. 14 (Oct. 27, 2008); see also Defendants' Response to Plaintiff's Motion to Remand and Memorandum of Points & Authorities in Support Thereof, Case No. 08-06540, Docket No. 11 (Oct. 27, 2008).  Because both oppositions and memoranda of law are identical, the court refers to them interchangeably as "Defendants' Opp."

[8]See Rio Grande Complaint,¶ 17.

[9]See Pharr Medical Complaint, ¶ 17.

[10]Rock is allegedly the sole shareholder of Mastercrafters.  (See Rio Grande Complaint, ¶ 55 and Exh. C (graphical representation of Calisher's alter-ego theory of liability for all defendants); see also Pharr Medical Complaint, ¶¶ 50q, 56 and Exh. C (same).)

[11]Rio Grande Complaint, ¶ 66 ("Sometime on or about November 28, 2007, without explanation or justification, Rock of Mastercrafters sent Plaintiff a letter purportedly terminating and disengaging Plaintiff with regard to the project covered by the Agreement"); Pharr Medical Complaint, ¶ 69 (same).

[12]Rio Grande Complaint, ¶¶ 68-69; Pharr Medical Complaint, ¶¶ 71-72.

Calisher filed two actions in Los Angeles Superior Court. The first named RGCMC, LLC, Rio Grande, Mastercrafters, Paul Manoharan (a.k.a Paulrajan Manoharan), Rock, and certain fictitious parties as defendants.[13] The second named Pharr Medical, VMC, LLC (a.k.a. VMC General, LLC), Mastercrafters, Manoharan, Rock, and certain fictitious parties as defendants.[14] The complaints allege that defendants have not paid monies due under the respective contracts; have not performed the contracts in good faith; and terminated the contracts without good cause. Each complaint includes state law claims for breach of contract; fraudulent concealment; fraud; tortious interference with business contract; intentional interference with prospective economic relations; quantum meruit; and accounts stated.

On October 3, 2008, Mastercrafters removed both actions on the basis of diversity jurisdiction. Calisher has now moved to remand,[15] primarily on the basis of a forum selection clause found in both the Rio Grande and Pharr Medical contracts. The provision in question states:

---

[13]See Rio Grande Complaint. RGCMC is allegedly Rio Grande's general partner and liable for its breach of contract. (*Id.*, ¶ 13.) Each of Mastercrafters, Manoharan, and Rock purportedly hold a 33.33% stake in RGCMC; Calisher contends that it originally held a 33.33% interest in the entity, but that Mastercrafters and Manoharan transferred this ownership interest to Kevin Rock without compensation or authorization. (*Id.*, ¶ 12.) As noted, Rock is purportedly the sole shareholder of Mastercrafters. (*Id.*, ¶ 55.) Calisher asserts that Rio Grande and RGCMC are alter egos of Mastercrafters, Manoharan and Rock and seeks, on this basis, to impose liability on them for the acts alleged in the complaint. (*Id.*, ¶ 18; see also Exh. C.)

[14]See Pharr Medical Complaint. VMC is allegedly Pharr Medical's general partner and liable for its breach of contract. (*Id.*, ¶ 13.) Each of Mastercrafters, Manoharan, and Rock purportedly hold a 33.33% stake in VMC; Calisher contends that it originally held a 33.33% interest in the entity, but that Mastercrafters and Manoharan transferred this ownership interest to Kevin Rock without compensation or authorization. (*Id.*, ¶ 12.) Rock is, as noted, purportedly the sole shareholder of Mastercrafters. (*Id.*, ¶¶ 50q, 56.) Calisher asserts that Pharr Medical and VMC are alter egos of Mastercrafters, Manoharan and Rock and seeks, on this basis, to impose liability on them for the acts alleged in the complaint. (*Id.*, ¶ 18; see also Exh. C.)

[15]As Calisher's motion to remand was filed within thirty days after removal, it is timely. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)").

1    "B.21 Dispute Resolution.

2    (a)    If a controversy or claim arises out of or related to this Agreement, the

3           parties agree to negotiate the controversy or claim in good faith for a period

4           of thirty (30) days after the controversy or claim is presented before legal

5           proceedings are instituted.

6    (b)    If any party initiates litigation, subsequent to the 30 day good faith period

7           outlined in Section B.21(a), such litigation shall be subject to the laws and

8           Rules of Evidence of the state of California with the venue being Los

9           Angeles County Superior Court."[16]

10   Defendants "do not contest the validity of the forum selection clause."[17]  Nor do they raise any

11   defense to the contract's enforceability or contest that the disputes at hand "arise out of" or are

12   "related to" the two development and management agreement contracts.  Rather, they contend that

13   the forum selection clause confers jurisdiction on California courts generally and does not preclude

14   the removal of litigation from a California state court to a California federal court.[18]

## II. DISCUSSION

### A.    Plaintiff's Motion to Remand

#### 1.    Legal Standard Governing Forum Selection Clauses

In cases based on diversity jurisdiction, federal law governs the enforceability of forum selection clauses.  *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("We conclude that the federal procedural issues raised by forum selection clauses significantly outweigh the state interests, and the federal rule announced in [*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972),] controls enforcement of forum clauses in diversity cases. . . . Moreover, because enforcement of a forum clause necessarily entails interpretation of the clause before it can

---

[16]Rio Grande Contract, ¶B.21; Pharr Medical Contract, ¶B.21.

[17]Defendants' Opp. at 2.

[18]*Id.*

6

be enforced, federal law also applies to interpretation of forum selection clauses" (citation omitted)).

A district court may remand a case to state court to effectuate a forum selection clause. See *QSR Mgmt, Inc. v. Dunkin Brands, Inc.*, No. EDCV 08-0003-VAP(OPx), 2008 WL 2856456, *1 (C.D. Cal. Mar. 23, 2008) ("A court has inherent authority to remand an action to state court to enforce a forum selection agreement" (citation omitted)); *Comerica Bank v. Whitehall Specialties, Inc.*, 352 F.Supp.2d 1077, 1079-80 (C.D. Cal. 2004) ("The enforcement of a forum selection clause is a proper basis for remanding a removed case to state court"); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275, 280 (9th Cir. 1984) (affirming the district court's remand of an action to state court on grounds that a valid and enforceable forum selection clause governed).

Forum selection clauses are *prima facie* valid and enforceable absent a strong showing by the party seeking to avoid the effect of the clause "that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *M/S Bremen*, 407 U.S. at 15; see also *Comerica Bank*, 352 F.Supp.2d at 1080 ("If a forum selection clause is part of a contract, it is prima facie valid and should be enforced '[a]bsent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court,'" quoting *Pelleport*, 741 F.2d at 280); *Manetti-Farrow*, 858 F.2d at 514-15 ("The opposing party has the burden 'to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,'" quoting *M/S Bremen*); *Pelleport*, 741 F.2d at 279 ("Although *The Bremen* involved an international forum selection question, and the Court emphasized the commercial realities of international trade, we see no reason why the principles announced in *The Bremen* are not equally applicable to the domestic context. Courts addressing the issue uniformly apply *The Bremen* to cases involving domestic forum selection questions").

## 2.    Whether the Forum Selection Clause Requires Remand

When interpreting a contractual forum selection clause, courts rely primarily on basic rules

7

of contract interpretation: the common or normal meaning of the contract language controls absent evidence that the parties intended to give words a special meaning; ambiguous language is construed against the contract drafter;[19] and the court must try to effectuate the parties' intent. See, e.g., *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77-78 (9th Cir. 1987) ("A primary rule of interpretation is that '[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it.' 4 S. Williston A TREATISE ON THE LAW OF CONTRACTS § 618 (W. Jaeger 3d ed. 1961). . . . Another fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter of the contract. . . . Finally, apparently in an attempt to determine the intent of the parties, the district court noted that the inclusion of the language at issue would add nothing to the contract unless it is interpreted to designate an exclusive forum").

Ninth Circuit precedent requires that the court pay careful attention to whether the language in a forum selection clause is mandatory or permissive. If the language is mandatory, the clause must be enforced and venue will lie in the designated forum only. See, e.g., *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) ("The prevailing rule is clear from these and other cases that where venue is specified with mandatory language the clause will be enforced. When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive"); *Interactive Music Technology, LLC v. Roland Corp. U.S.*, CV No. 6:07-CV-282, 2008 WL 245142, *3 (E.D. Tex. Jan. 29, 2008) (" The distinction between specifying jurisdiction and venue in forum selection clauses is often important. While analyzing a forum selection clause is extremely context specific, the Tenth Circuit found a general uniformity in the federal courts when analyzing the law on this matter: where venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced, while where only jurisdiction is specified, the clause will

---

[19]The complaint and the filings regarding the remand motions do not clearly establish which party drafted the contracts at issue.

generally not be enforced without some further language indicating the parties' intent to make venue exclusive"); see also *Hunt Wesson*, 817 F.2d at 77 ("[I]n cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required *exclusive* jurisdiction" (emphasis original)); *Koresko v. RealNetworks, Inc.*, 291 F.Supp.2d 1157, 1161 (E.D. Cal. 2003) ("A forum selection clause will be enforced where venue is specified with mandatory language," citing *Docksider*); *Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one").

If, however, the language of the forum selection clause is permissive, the clause will not preclude a party from bringing suit (or removing) elsewhere.   A forum selection clause is permissive when the parties merely consent to bestow jurisdiction on a court without stating that the court has exclusive jurisdiction to hear their disputes.   See, e.g., *Pong v. American Capital Holdings, Inc.*, Civ. S-06-2527 LKK/DAD, 2007 WL 657790, * 3 (E.D. Cal. Feb. 28, 2007) ("Preliminarily, the court must determine if the forum selection clause is mandatory or permissive. The Ninth Circuit has held that 'where venue is specified with mandatory language the clause will be enforced.' . . .   However, if the language is merely permissive, the forum selection clause will not bar suits from being filed in other venues," quoting *Docksider*); *Radian Int'l, LLC v. Alpina Ins. Co.*, C-04-4537 SC, 2005 WL 1656884, *1 (N.D. Cal. July 14, 2005) ("[The Ninth Circuit] does not enforce 'permissive' clauses which merely grant jurisdiction to a particular forum without ruling out concurrent jurisdiction in other forums" (citations omitted)).

As noted, the forum selection clause in the parties' contracts states in relevant part: "If a controversy or claim arises out of or related to this Agreement . . . [and] [i]f any party initiates litigation . . . such litigation shall be subject to the laws and Rules of Evidence of the state of California with the venue being Los Angeles County Superior Court."[20]

Calisher argues that the phrase "shall be subject" controls all remaining clauses of the sentence, thus designating the Los Angeles Superior Court as the exclusive venue for any litigation

---

[20]Rio Grande Contract, ¶B.21; Pharr Medical Contract, ¶B.21.

arising out of the development and management agreements.[21]  Defendants, however, contend that the phrase "shall be subject" does not apply to the venue provision, which they read as independent and stating merely a permissive authorization to place venue in Los Angeles County Superior Court.[22]  Alternatively, defendants assert that the clause is permissive even if controlled by "shall be subject to," since "[i]n order to preclude removal the clause must clearly state that venue *shall only* be in the State court, that venue be *exclusively* in State court or explicitly state that *no other* court has venue."[23]

The court finds defendants' interpretation unduly narrow.  Defendants do not argue that the parties used the terms of the forum selection clause in any special sense.  As a consequence, the provision must be accorded its common meaning.  So understood, the clause plainly states that any litigation shall *both* be subject to California law *and* take place in Los Angeles Superior Court.

The use of the word "shall" does not, by itself, convert a permissive forum selection clause into a mandatory one.  See, e.g., *Hunt Wesson*, 817 F.2d at 77 (holding that a forum selection clause was permissive rather than mandatory despite use of the word "shall"); *Northern Cal. Dist. Council of Laborers*, 69 F.3d at 1037 (same); but see *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) ("The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made," citing *Sterling Forest Assocs., Ltd. v. Barnett-Range Corp.*, 840 F.2d 249, 252 (4th Cir. 1988)).  Nonetheless, forum selection clauses must be read as a whole.  See, e.g., *Automotive Consultants Div., Progressive Marketing Group,*

---

[21]See Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Remand the Case to State Court; Declaration of Dana Leigh Ozols, Esq. in Support Thereof, Case No. CV 08-06523, Docket No. 16 (Nov. 3, 2008) at 6; see also Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Remand the Case to State Court; Declaration of Dana Leigh Ozols, Esq. in Support Thereof, Case No. CV 08-06540, Docket No. 16 (Nov. 7, 2008) at 6.  Because both briefs are identical, the court refers to them interchangeably as "Plaintiff's Reply."

[22]Defendants' Opp. at 6 ("[The clause] does not say that venue 'shall' be in Los Angeles County Superior Court.  It says 'with' venue being Los Angeles County Superior Court. Permissive rather than mandatory language is used").

[23]*Id.* at 2 (emphasis original).

1    *Inc. v. Farls*, No. Civ.A. 301CV171R, 2003 WL 21318320, *4 (N.D. Tex. Mar. 27, 2003)

2    ("When read again in its entirety, the forum selection clause's mandatory nature becomes clear");

3    *Koch v. America Online, Inc.*, 139 F.Supp.2d 690, 694 (D. Md. 2000) (interpreting a forum

4    selection clause stating that "exclusive jurisdiction for any claim or dispute resides in the courts

5    of the Commonwealth of Virginia," the court held that "an examination of the clause in its entirety

6    reveals that it is mandatory.  The focus of the court's investigation should not be on AOL's choice

7    of the word 'resides,' but, rather, on its use of the phrase 'exclusive jurisdiction' coupled with the

8    designation of a specific forum.  That language indicates that the clause is mandatory" (citation

9    omitted)); *Merrell v. Renier*, No. C06-404JLR, 2006 WL 1587414, *2 (W.D. Wash. June 6,

10   2006) (interpreting *Docksider* as holding that mandatory language like "shall" or "will," coupled

11   with a choice of "venue," makes a forum selection clause mandatory).    Reading the clause at

12   issue in its entirety, it is clear to the court that its use of the mandatory verb "shall" forecloses any

13   permissive interpretation of the phrase setting venue in Los Angeles Superior Court.

14        The clause, in fact, is more like that held to be mandatory in *Docksider* than that found to

15   be permissive in *Hunt Wesson*.  In *Hunt Wesson*, the Ninth Circuit reviewed a forum selection

16   clause provision stating: "Buyer and Seller expressly agree that the laws of the State of California

17   shall govern the validity, construction, interpretation and effect of this contract.  The courts of

18   California, County of Orange, shall have jurisdiction over the parties in any action at law relating

19   to the subject matter or the interpretation of this contract."  *Hunt Wesson*, 817 F.2d at 76.  The

20   court held that this language was permissive rather than mandatory.  *Id.* at 77 ("Here, the plain

21   meaning of the language is that the Orange County courts shall have jurisdiction over this action.

22   The language says nothing about the Orange County courts having exclusive jurisdiction.  The

23   effect of the language is merely that the parties consent to the jurisdiction of the Orange County

24   courts.  Although the word 'shall' is a mandatory term, here it mandates nothing more than that

25   the Orange County courts have jurisdiction. . . .  Such consent to jurisdiction, however, does not

26   mean that the same subject matter cannot be litigated in any other court.  In other words, the

27   forum selection clause in this case is permissive rather than mandatory"); see also *Northern Cal.*

28   *Dist. Council of Laborers*, 69 F.3d at 1037 ("[T] forum selection clause now before us is

permissive.  The language 'shall be enforceable' is no less permissive than the 'shall have jurisdiction' language in *Hunt Wesson*.  The clause does not contain additional language such as 'venue . . . shall be deemed to be in Gloucester County,' which, in *Docksider*, designated the state court as the exclusive forum.  Nor does it contain the type of mandatory language at issue in *Pelleport* (cases may be litigated 'only in' Los Angeles).  In sum, we follow *Hunt Wesson* in holding that the 'shall be enforceable' language at issue here is permissive, not mandatory, because it does not contain language 'clearly requir[ing] exclusive jurisdiction'" (citation omitted)).

In *Docksider*, by contrast, the Ninth Circuit considered a forum selection clause that stated, in relevant part: "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia.  Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Docksider*, 875 F.2d at 763.  Despite the fact that the provision did not use the words "exclusively" or "only," the Court held that it was mandatory.  *Id.* at 764 ("*Hunt Wesson* is distinguishable because the forum selection clause underlying this action contains the additional sentence stating that '[v]enue of any action brought hereunder shall be deemed to be in . . . Virginia.'  This language requires enforcement of the clause because Docksider not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia.  This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county.  Thus, whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted in Virginia").

Here, had the forum selection clause read "with venue being in the courts of Los Angeles," *Hunt Wesson* would govern and the provision would be permissive.  Because the provision instead specifies a particular venue – Los Angeles County Superior Court – *Docksider* controls and the clause is mandatory.  See, e.g., *Pong*, 2007 WL 657790 at *2 (holding that a forum selection provision which read "[t]his note . . . *shall be* construed, governed and enforced in accordance with the laws of the State of Florida *with venue being* agreed to as Palm Beach County, Florida," was mandatory (emphasis added)).

1  As noted, defendants do not contest the validity of the forum selection clause nor dispute
2  the contracts' applicability to the cases at hand.  Because the language of the forum selection
3  clause is mandatory, the court must remand the actions to the Los Angeles Superior Court, the
4  venue agreed by the parties.[24]

5  **B.    Calisher's Request for Attorneys' Fees and Costs**

6  Calisher's motion includes a request for $3,111.00 in attorneys' fees and costs incurred in
7  connection with the remand motion.  "An order remanding the case may require payment of just
8  costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28
9  U.S.C. § 1447(c).  Whether to award costs and fees pursuant to § 1447(c), however, lies within
10 the discretion of the district court.  See, e.g., *Moore v. Permanente Med. Group, Inc.*, 981 F.2d
11 443, 448 (9th Cir.1992).  The Supreme Court has recently directed that "the standard for
12 awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital*
13 *Corp.*, 546 U.S. 132, 141 (2005).  In the absence of unusual circumstances, courts are to award
14 fees "only where the removing party lacked an objectively reasonable basis for seeking removal."
15 *Id.*

16 Although the court has concluded that the forum selection clauses in question are
17 mandatory rather than permissive, Ninth Circuit precedent requires that the court conduct a fact-
18 intensive, case-by-case analysis of the language of forum selection clauses before making this
19 determination.  Here, defendants' arguments regarding the permissive nature of the clause, while
20 not ultimately persuasive, were not objectively unreasonable.  Consequently, the court declines
21 to award fees or costs to Calisher.

22

23 **III.  CONCLUSION**

24 For the reasons stated, the court finds that the forum selection clauses contained in the

25

26 [24]In its motion and reply, Calisher asserts that defendants' removal was procedurally
   defective in several respects.  Because the plain language of the forum selection clause
27 demonstrates that the parties agreed to a mandatory venue provision requiring litigation of these
28 disputes in state court, the court declines to decide these issues.

development and management agreements between Calisher and defendants are mandatory rather than permissive.  Because the clauses provide for venue in Los Angeles Superior Court, the court directs that the clerk remand these actions forthwith to state court.


DATED: November 17, 2008

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

14